IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIE LITTLEFIELD ON BEHALF
OF MINOR CHILD, P.Y.,

     Plaintiff,                          No. CIV S-05-1182 KJM

   vs.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

     Defendant.                    <u>ORDER</u>
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this action.

1

I. Factual and Procedural Background

In a decision dated July 19, 2004, the ALJ determined plaintiff was not disabled.[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of schizophrenia and attention deficit hyperactivity disorder but these impairments do not meet or medically equal a listed impairment; plaintiff does not have an extreme limitation in any domain of functioning or a marked limitation in two domains of functioning and does not functionally equal the severity of the listings; plaintiff and his mother are considered credible only to the extent they are supported by the evidence of record; and plaintiff is not disabled. Administrative Transcript ("AT") 22-23. Plaintiff contends the ALJ erroneously found plaintiff does not meet, equal, or functionally equal a childhood listing.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

---

[2] Child's Supplemental Security Income ("SSI") is paid to disabled persons under the age of eighteen. A child is considered disabled if the child has a medically determinable physical or mental impairments that result in marked and severe functional limitations. 42 U.S.C. § 1382c(a)(3)(C)(i). A three step sequential evaluation is utilized in determining eligibility for Child's SSI. The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment, i.e., causes more than minimal functional limitations? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet, medically equal, or functionally equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If not, he is not disabled.

20 C.F.R. § 416.924(a)-(d).

2

1  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
2  Substantial evidence means more than a mere scintilla of evidence, but less than a
3  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
4  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
5  reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402
6  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
7  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
8  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
9  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
10 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
11 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
12 substantial evidence supports the administrative findings, or if there is conflicting evidence
13 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
14 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
15 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
16 1335, 1338 (9th Cir. 1988).

17 III.  Analysis

18          Plaintiff contends the ALJ erroneously found that plaintiff's impairments do not
19 functionally equal a childhood listing.[3]  The ALJ found that although plaintiff had been treated

---

[3] In determining whether a child's impairments functionally equal the listings, the ALJ must consider how a child functions in six domains:

    (1) Acquiring and using information;
    (2) Attending and completing tasks;
    (3) Interacting and relating with others;
    (4) Moving about and manipulating objects;
    (5) Caring for yourself; and
    (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1).  If a child's impairments result in "marked" limitations in two

3

for schizophrenia and attention deficit hyperactivity disorder and that his psychosis initially impaired his capacity in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others, significant medical improvements were made in these domains. AT 20-21. In making this finding, the ALJ appears to have relied on the July 16, 2003 opinion of a state agency physician. AT 198-200.

Plaintiff asserts that substantial evidence does not support the finding of significant improvement because records submitted to the Appeals Council demonstrate plaintiff was still experiencing significant mental impairment symptoms and functioning. When the Appeals Council denies review, the decision of the ALJ is the final decision. Russell v. Brown, 856 F.2d 81, 83-84 (9th Cir. 1988).[4] However, the evidence considered by the Appeals Council in denying the request for review becomes part of the administrative record for review by this court. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); see also Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (the court may properly consider the additional materials because the Appeals Council addressed them in the context of denying appellant's request for review).

The date of the ALJ's decision is July 19, 2004. The medical records available for the ALJ's review extended only through April 6, 2004. AT 225-246. The records submitted to the Appeals Council, and made a part of the administrative record extend from November 5, 2003 through December 2, 2004. AT 247-278. There are several entries in the additional medical records, including during the time period from March 2004 to July 2004, which indicate plaintiff was continuing to suffer auditory and visual hallucinations and having problems with irritability, aggressive behavior and anger management. AT 247, 249, 251, 252, 255, 258, 261,

---

domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings. 20 C.F.R. § 416.926a(d).

[4] Only if the Appeals Council grants review, and then issues a decision on the merits does the Appeals Council's decision become the final decision of the Commissioner. Russell, 856 F.2d at 83-84.

4

264, 265, 266, 268, 271, 273, 275.  A significant increase in hallucinations was reported on July 12, 2004, just days prior to the ALJ's decision.  AT 257.  Although there are also indications in the medical records that plaintiff sometimes reported diminishing symptoms, see, e.g., AT 256, 262, the court in reviewing the record as a whole cannot conclude substantial evidence supports the ALJ's finding of medical improvement.

It is not clear from the ALJ's decision whether he determined plaintiff had marked limitations in some domains at some point in time; the decision only concludes that plaintiff had sufficient improvement so as to preclude a finding of functional equivalence.  The matter will therefore be remanded for further findings in this regard, including full consideration of all the additional medical records submitted to the Appeals Council.  On remand, the testimony of plaintiff's mother regarding plaintiff's continuing hallucinations and impaired functioning, AT 57, 294-296, cannot be disregarded without comment.  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition; ALJ in discounting testimony of lay witnesses must give reasons that are germane to each witness).[5]

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

/////

/////

---

[5] Plaintiff also contends the ALJ erred in finding plaintiff does not meet or equal a Listing.  The ALJ may rely on the opinions of state agency physicians or consulting physicians in determining whether plaintiff meets or equals a Listing.  On remand, however, if the ALJ relies on such an opinion, then a more current one, based on the recent records, should be obtained.  In addition to Listing 112.03 (Schizophrenic, Delusional (Paranoid), Schizoaffective, and Other Psychotic Disorders), the ALJ should also specifically address Listing 112.11 (Attention Deficit Hyperactivity Disorder).

1. Accordingly, IT IS HEREBY ORDERED that:
2. 1. Plaintiff's motion for remand is granted;
3. 2. The Commissioner's cross-motion for summary judgment is denied; and
4. 3. This matter is remanded for further proceedings consistent with this order.
5. DATED: March 29, 2007.

_____
U.S. MAGISTRATE JUDGE

006
littlefield.ss